**Mark E. DICKASON, Plaintiff– Appellant,**

v.

**John E. POTTER, Postmaster, U.S. Postal Service, Defendant– Appellee.**

**No. 07–15438.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2009.

Filed April 28, 2009.

John Ota, Esq., Brad Yamauchi, Minami, Lew & Tamaki Union Square, San Francisco, CA, for Plaintiff–Appellant.

Abraham A. Simmons, Esq., USSF— Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: REINHARDT, ARCHER,* and McKEOWN, Circuit Judges.

MEMORANDUM **

When proceeding under *McDonnell Douglas,* a plaintiff must first establish a prima facie case of discrimination. "If a prima facie case of discrimination is established, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994) (citations omitted); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

We find no error in the district court's determination that Dickason failed to establish a prima facie case of age discrimination. Specifically, Dickason has not shown how the Postal Service's asserted discovery behavior created an inference of age discrimination. Additionally, Dickason now argues that there was evidence that persons younger than he were reinstated to a position that Dickason sought and was qualified for—the position of clerk. Dicka-

---

* The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

son did not raise this argument to the district court. We see no "exceptional circumstances" as to why the clerk issue was not raised below and, therefore, will not review it on appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

Finally, the district court did not abuse its discretion in denying sanctions. *See Avery Dennison Corp. v. Allendale Mut. Ins. Co.,* 310 F.3d 1114, 1118 (9th Cir. 2002). We find no error in the district court's conclusion that the Postal Service substantially complied with the discovery order and did not act in bad faith.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.